

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00059-CR

CASEY TOWNSHEND COLLIER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-1476-18

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

On December 13, 2018, Casey Townshend Collier, pursuant to a plea agreement, pled guilty to aggravated assault with a deadly weapon.[1] At the sentencing hearing on January 10, 2019, Collier was placed on deferred adjudication community supervision for a period of six years.[2] In August 2022, the State moved to adjudicate Collier and revoke his community supervision. The State alleged in its motion, among other things, that Collier failed to provide urinalysis samples as required by the court's community supervision terms and conditions and that Collier committed a new offense by possessing methamphetamine.[3] After an evidentiary hearing, the trial court found six of the allegations true and granted the State's motion. Collier was sentenced to fifteen years' incarceration.

Collier's appellate counsel filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there were no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim.

---

[1]*See* TEX. PENAL CODE ANN. § 22.02 (Supp.).

[2]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Supp.).

2

App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

By letter of June 30, 2023, counsel provided Collier with the motion to withdraw and appellate brief and informed Collier of his rights to review the record and file a pro se response. Counsel also provided Collier with a pro se motion for access to the appellate record. On the same date, this Court notified Collier that his request for access to the record was due on July 17, 2023. On September 7, 2023, this Court notified Collier that the case would be submitted to the Court on September 28, 2023. Collier did not request a copy of the appellate record or file a pro se response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[4]

Jeff Rambin
Justice

Date Submitted: September 28, 2023
Date Decided: September 29, 2023

Do Not Publish

---

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.